UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ELLIOTT G. KYLES,

                        Plaintiff,

v.                                         Case No. 17-cv-1102-pp

BEAU CHARNEY,
SILVA ESCALANTE, and
JEREMY NELSON,

                        Defendants.

---

**DECISION AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO PAY THE INITIAL PARTIAL FILING FEE (DKT. NO. 7), GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT (DKT. NO. 1)**

---

The plaintiff, who was incarcerated at the Brown County Jail when he filed his complaint, is representing himself. He filed a complaint alleging that the defendants violated his constitutional rights by illegally strip-searching him. Dkt. No. 1. He also filed a motion asking the court to allow him to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves the motion for leave to proceed without prepayment of the filing fee, and screens the complaint.

I.    <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

The Prison Litigation Reform Act (PLRA) applies to this case, because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA authorizes a court to allow an incarcerated plaintiff to proceed with his

lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b).

On August 10, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $2.77 by August 31, 2017. Dkt. No. 4. On August 21, 2017, the court received a motion from the plaintiff, asking for additional time to pay the fee. Dkt. No. 7. The court received the initial partial filing fee on August 28, 2017, three days before the original deadline, so no extension of the deadline was necessary. The court will deny as moot the plaintiff's motion for an extension of time, and will grant his motion to proceed without prepayment of the filing fee. The court will order the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

II.   Screening the Plaintiff's Complaint

The PLRA requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A. *The Plaintiff's Allegations*

The plaintiff alleges that on December 22, 2015, Beau Charney illegally strip-searched him while he was detained. Dkt. No. 1 at 3. He alleges that, on the same date, while he was detained at the Brown County Jail, Silva Escalante strip-searched him. Id. at 5. Finally, he alleges that on the same date, while he was being detained but before he'd been booked into the jail, Jeremy Nelson strip-searched him. Id. 6. The plaintiff alleges that these searches were unlawful, because they violated his rights under the Fourth Amendment, and because no one provided him with the information required by Wis. Stat. §968.225 prior to the search. Id. at 3-6. He asks for money damages. Id. at 7.

B. *The Court's Analysis*

The plaintiff's complaint is missing some information that the court needs in order to determine whether he states a claim that a federal court can consider. It appears that the plaintiff was a pretrial detainee at the time the alleged searches took place—in other words, that he wasn't in the Brown County Jail because he'd been convicted of a crime, but because he had been arrested and was waiting to be charged or to go to court. If this is true, then the plaintiff may have grounds to state a claim under the Fourth Amendment of the U.S. Constitution. "Pretrial detainees retain their constitutional rights, including the protections of the Fourth Amendment against unreasonable searches and seizures." Young v. County of Cook, 616 F.Supp.2d 834, 845 (N.D. Ill. April 2, 2009) (citing Bell v. Wolfish, 441 U.S. 520, 545 (1979)). That does not necessarily mean that the actions he alleges violated the Fourth Amendment, but it does mean that he may have a claim that a federal court can consider.

The plaintiff does not explain, however, who Charney, Escalante and Nelson are. Are they deputy sheriffs in Brown County? Do they work at the Brown County Jail? What are their positions? This is important, because the law that gives someone the ability to sue for civil rights violations—42 U.S.C. §1983—allows that person to sue only someone who was acting "under color of . . . State" law. In other words, the person who allegedly violated the plaintiff's rights has to be a state employee. The court cannot tell from the plaintiff's complaint whether these three individuals were employed by a state entity.

The plaintiff also appears to be alleging that the strip-searches were unlawful under Wisconsin law. A federal court can consider a claim that someone violated state law only if that claim is related to a valid claim that the defendants violated federal law. 28 U.S.C. §1367. "[A] violation of state law is not a ground for a federal rights suit." Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010).

The court will allow the plaintiff to amend his complaint to include additional details about the searches. Why was the plaintiff in the Brown County Jail on December 22, 2015? Who are Charney, Escalante and Nelson? Why were they searching the plaintiff—were they looking for something in particular (drugs, contraband, a weapon)? The court encourages the plaintiff to provide it with *facts* (who, what, when, where, why and how) as opposed to legal conclusions. In other words, he should not simply state that "the search was illegal;" instead, he should provide more details, so the court can make that determination based on the law.

If the plaintiff wants to proceed, he must file an amended complaint providing the information the court has described. The court will require the plaintiff to file this amended complaint in time for the court to receive it by the end of the day on **Friday, March 2, 2018**. If the court does not receive the plaintiff's amended complaint by that deadline, the court will infer that the plaintiff no longer wishes to pursue the case, and will dismiss it without prejudice for lack of prosecution. See Civil L.R. 41(c) (E.D. Wis.).

The plaintiff should use the court's form (which the court will include with this order) and write "Amended" at the top of the first page, next to the word "Complaint." He should write the case number assigned to this case (17-cv-1102) in the space to the right, where it says "Case Number." The amended complaint replaces the prior complaint (it will be as if the plaintiff never filed an original complaint), so the amended complaint must be complete in itself (it must name all of the defendants and identify all of the claims the plaintiff wants to prosecute), without referring back to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In other words, the plaintiff cannot simply say, "Beau Charney was a guard at the Brown County Jail; see original complaint." If the plaintiff chooses to file an amended complaint by the deadline, the court will screen it under 28 U.S.C. § 1915A. If the plaintiff does not want to pursue this case, he doesn't need to do anything else.

III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DENIES** as moot the plaintiff's motion for an extension of time. Dkt. No. 7.

The court **ORDERS** that, if the plaintiff wants to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **March 2, 2018**.

6

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $347.23 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number assigned. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

The court will mail a copy of this order to the officer in charge of the agency where the inmate is confined.

The court will mail a blank prisoner complaint form to the plaintiff.

The court **ORDERS** that the plaintiff shall submit all correspondence and case filings to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court advises the plaintiff that if he doesn't file pleadings or comply with the court's orders by the deadlines the court sets, the court may dismiss his case for failure to prosecute it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other

information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 2nd day of February, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**