UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELLIOTT G. KYLES,

                 Plaintiff,

v.                                          Case No. 17-cv-1102-pp

BEAU CHARNEY,
RICARDO ESCALANTE, and
JEREMY NELSON,

                 Defendants.

## DECISION AND ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 9) AND DISMISSING CASE

The plaintiff, who is representing himself, is an inmate at the Dodge Correctional Institution. Dkt. No. 11. He filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. Dkt. No. 1. After identifying problems in the plaintiff's original complaint, the court gave him the opportunity to file an amended complaint, dkt. no. 8; he did so on February 12, 2018, dkt. no. 9. The court will screen the plaintiff's amended complaint as required by 28 U.S.C. §1915A(a).

**I.    Screening the Plaintiff's Complaint**

    A.    *Federal Screening Standard*

The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  *The Plaintiff's Allegations*

The plaintiff alleges that, on December 22, 2015, he was brought into the Brown County Jail on a felony warrant and a new charge of possession of a firearm by a felon. Dkt. No. 9 at 2. The plaintiff asserts that, because a firearm had already been found, there was no probable cause "to strip search for drugs." Id. According to the plaintiff, however, defendant police officer Ricardo Escalante ordered defendant jail guards Beau Charney and Jeremy Nelson to

strip search the plaintiff to look for drugs and to bring the plaintiff's clothing to Escalante so he could search the plaintiff's clothes for drugs. Id. at 3.

The plaintiff alleges that Charney and Nelson strip searched him before he was booked into the jail. Id. at 3, 5. They allegedly took him to a stall, told him to remove his clothes, open his mouth, hold out his hands, hold up his arms to show his armpits, lift up his feet one at a time to show the bottoms of his feet and spread his buttocks. Id. They then gave him a uniform and took him back to intake in the waiting area. Id. According to the plaintiff, Charney gave the plaintiff's clothes to Escalante, who said he found drugs in the plaintiff's clothing. Id.

The plaintiff states that the search violated the Fourth Amendment and Wisconsin statute §968.255, because the defendants performed the search without probable cause and without written authorization proving lawfulness. Id. at 6.

C. *The Court's Analysis*

The Supreme Court has explained that "[c]orrectional officers have a significant interest in conducting a thorough search as a standard part of the intake process." Florence v. Board of Chosen Freeholders of County of Burlington, 566 U.S. 318, 330 (2012). This is because new inmates may introduce risks to a jail, including bringing in contraband such as weapons, drugs or alcohol, all of which may make jail staff and inmates unsafe. Id. at 332. As a result, the Supreme Court held that under the Fourth and Fourteenth Amendments, jail staff may conduct strip searches of all people

3

being admitted to the general population of a jail, regardless of the severity of the person's crime, the behavior of the person or the criminal history of the person. Id. at 338.

This ruling does not protect defendants in situations where "officers engag[e] in intentional humiliation and other abusive practices," but the plaintiff has not alleged that the officers stripped him in order to humiliate or abuse him. He is not challenging the manner in which the search was conducted—he describes a standard strip search with no physical contact by the defendants. He is challenging the fact that the strip search was conducted at all, arguing that it was unnecessary because "a firearm had already been found." Dkt. No. 9 at 2. Because the Fourth and Fourteenth Amendment allow strip searches under the circumstances alleged by the plaintiff, his belief that the search was not necessary does not state a claim for violation of his constitutional rights. The court finds that the plaintiff's federal claim is a frivolous one, given the Supreme Court's clear holding.

The plaintiff also asserts that the defendants violated his constitutional rights because they failed to comply with a Wisconsin statute that allegedly requires written authorization for officers to conduct a strip search without probable cause. This claim, too, is frivolous.

Wis. Stat. §968.55(2)(3) says that no person may conduct a strip search unless that person meets certain conditions, including the condition that the person conducting the search must obtain prior written permission from the chief, sheriff or law enforcement administrator "unless there is probable cause

4

to believe that the detainee is concealing a weapon." The plaintiff asserts that the defendants did not obtain prior written authorization before searching him.

Even if the defendants did violate Wis. Stat. §968.55 (and the court is not concluding that they did), the remedy for the plaintiff is to sue them in *state* court. "[T]he Constitution does not require compliance with state law." Davis-Clair v. Turck, Case No. 17-2148 (7th Cir. March 13, 2018) (citing Snowden v. Hughes, 321 U.S. 1, 11 (1944); Whitman v. Nesic, 368 F.3d 931, 935 n.1 (7th Cir. 2004)). A federal court hearing a case under 42 U.S.C. §1983 decides whether the defendants violated a plaintiff's rights under the *federal* Constitution—state courts decide whether defendants violated Wisconsin laws.

Federal courts have discretion to retain jurisdiction over related state-law claims after they have dismissed the underlying federal claim. But a federal court is *required* to give up jurisdiction over related state-law claims if "the federal claims are frivolous and so do not engage the jurisdiction of the federal courts." Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Directors, 593 F.3d 507, 513 (7th Cir. 2010) (citing CropLife Am., Inc. v. City of Madison, 432 F.3d 732, 734 (7th Cir. 2005)). The court has found that the plaintiff's federal claim was frivolous. It cannot retain jurisdiction over the supplemental state-law claim. If the plaintiff wishes to pursue that claim, he must do so in state court.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the plaintiff fails to state a federal claim, because his federal claim is frivolous, and because the court

5

cannot exercise jurisdiction over his state-law claim under these circumstances.

The clerk of court will enter judgment accordingly, and will document that the plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g).

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and

determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 8th day of May, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**